Filed 7/10/25  P. v. Curl CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH ALLEN SAXTON CURL,<br><br>    Defendant and Appellant. | B337197<br><br>(Los Angeles County<br>Super. Ct. No. BA486261) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Defendant Jospeh Allen Saxton Curl appeals from the denial of his petition for resentencing under Penal Code[1] former section 1170.95, now numbered section 1172.6. Appointed appellate counsel has filed a brief identifying no issues and requesting we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Defendant has filed a supplemental brief raising challenges not cognizable in this appeal. Accordingly, we affirm.

## BACKGROUND

### 1.  *Conviction*

An information filed November 5, 2020 charged defendant with one count of murder (§ 187, subd. (a)) and one count of possession of a firearm by a felon (§ 29800, subd. (a)(1)), both committed in March 2020. As to the murder count, the information alleged firearm enhancements under section 12022.53.

The case proceeded to trial. On March 14, 2022, during trial, defendant entered into a plea agreement with the prosecution under which he pleaded guilty to one count of voluntary manslaughter (§ 192, subd. (a)) and admitted to a firearm use enhancement (§ 12022.5, subd. (a)) and two aggravating factors. The trial court sentenced defendant to 15 years, awarded credits, and imposed fines and fees.

---

[1] Unspecified statutory citations are to the Penal Code.

### 2. *Petition for resentencing under former section 1170.95*

On February 3, 2023, defendant, in pro. per., filed a petition for resentencing under former section 1170.95. The trial court appointed him counsel. The People opposed the petition arguing defendant could not make a prima facie showing for relief because he was prosecuted as the sole perpetrator and actual killer. Defendant filed a reply arguing the People's argument required findings of fact inappropriate for the prima facie stage of the proceedings, and defendant was entitled to an order to show cause and evidentiary hearing.

The trial court held a hearing and took the matter under submission. On February 9, 2024, the court issued a memorandum of decision denying the petition. The court found the record of conviction established defendant was charged as the sole perpetrator and actual killer. The court further found defendant accepted the plea agreement in March 2022, after the amendments to which former section 1170.95 pertained had taken effect. "Given the date of his plea, he is not an individual who was convicted under a now-invalid theory of law and hence entitled to vacatur."

### 3. *Motion under Racial Justice Act and section 1172.1*

On March 5, 2024, defendant, in pro. per., filed a motion for relief under section 745, a provision of the Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 1), and attached to that motion an additional motion seeking recall and resentencing under section 1172.1. The record does not indicate the trial court appointed counsel or that the People responded to these motions.

On March 7, 2024, the trial court denied the motions in a written memorandum. The trial court found defendant was required to raise his Racial Justice Act challenge in a petition for a writ of habeas corpus, and his motion was therefore improper. As to the motion under section 1172.1, the court noted it was not required to respond but nonetheless chose to do so. The court declined to resentence defendant because it found defendant's sentence was "lesser . . . than normally would have been imposed and [defendant] was treated fairly."

### 4. *Notice of appeal and appeal*

On March 13, 2024, counsel appointed for defendant in the former section 1170.95 proceeding filed a notice of appeal on defendant's behalf. The notice identified the date of the order or judgment being appealed as February 9, 2024. In the section of the form notice indicating the basis for the appeal, the notice stated, "Denial of *Heard* resentencing petition is an order made after judgment affecting substantial rights and is appealable under [Penal Code] section 1237(b) and *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597."

We appointed appellate counsel for defendant. Appellate counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *Delgadillo*, *supra*, 14 Cal.5th 216. Counsel sent a copy of the brief and the transcripts on appeal to defendant, and informed him of his right to file a supplemental brief, which defendant later filed.

## DISCUSSION

As an initial matter, we must determine the scope of this appeal. The notice of appeal identified an order of February 9, 2024, and referred to a resentencing petition under *People v.*

*Heard* (2022) 83 Cal.App.5th 608, a case that extended resentencing relief under section 1170, subdivision (d) to juvenile offenders sentenced to the functional equivalent of life without parole. (*Heard*, at pp. 612, 633–634.)

As defendant's appointed appellate counsel notes, no *Heard* petition was filed in this case, defendant was not a juvenile at the time of his offense,[2] and defendant was not sentenced to the functional equivalent of life without parole. Appointed appellate counsel nonetheless asks that we construe the notice as referring to the February 9, 2024 denial of defendant's petition under former section 1170.95. We will do so, because the reference to *Heard* clearly is in error, and the listing of the February 9, 2024 date sufficiently identifies the actual order from which defendant appeals. (See Cal. Rules of Court, rule 8.304(a)(4) ["The notice of appeal must be liberally construed," and "is sufficient if it identifies the particular judgment or order being appealed"].)

Although we conclude the denial of defendant's former section 1170.95 petition is within the scope of this appeal, appointed appellate counsel has filed a brief identifying no issues. Because this is an appeal from a denial of postconviction relief, we are not required to conduct an independent review of the record, as we might be in a direct appeal from a criminal conviction. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221–222; see *People v. Wende* (1979) 25 Cal.3d 436.) When a defendant files a supplemental brief, however, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, at p. 232.)

---

[2] Defendant was born in 1986, and committed the charged offenses in 2020.

In his supplemental brief, defendant raises numerous challenges to the conduct of his original trial, including that he was not given sufficient opportunity to cross-examine certain witnesses, and a particular juror should have been discharged but was not. Defendant claims he agreed to the plea agreement because of these irregularities, for fear that he otherwise would be convicted of more serious charges.

The sole matter before us in this appeal is defendant's former section 1170.95 petition. It is beyond the scope of the appeal to consider purported errors at defendant's original trial.

Defendant also argues the trial court denied his section 1172.1 petition without considering his postconviction conduct. The notice of appeal, however, does not reference or identify defendant's motions under the Racial Justice Act and section 1172.1, either by name or by date of the denial order, and we therefore have no jurisdiction to consider appellate arguments concerning those motions. (See Cal. Rules of Court, rule 8.304(a)(4) [notice of appeal must identify particular judgment or order being appealed].)

## DISPOSITION

The order denying defendant's petition under Penal Code former section 1170.95 is affirmed.

NOT TO BE PUBLISHED.


                                        BENDIX, J.

We concur:



ROTHSCHILD, P. J.                  M. KIM, J.


6